UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICKEY NELSON JONES**                                  **CIVIL ACTION**

**VERSUS**                                                **NO. 18-12181**

**DONNA MOORE, ET AL.**                                   **SECTION: "B"(5)**

<u>ORDER AND REASONS</u>

Before the Court are defendants Donna Moore, Louis Moore, Giselle Jackson, and Donald Julien & Associates, Inc's (collectively "defendants") motion to dismiss for lack of subject matter jurisdiction (Rec. Doc. 11), plaintiff Rickey Nelson Jones's response to motion to dismiss and cross motion for order of default (Rec. Doc. 13), defendants' response to plaintiff's cross motion for order of default (Rec. Doc. 15) and reply to plaintiff's response to defendants' motion to dismiss (Rec. Doc. 20), and plaintiff's sur-reply to defendants' motion to dismiss (Rec. Doc. 23). For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss for lack of subject matter jurisdiction is **GRANTED.**

**IT IS FURTHER ORDERED** that the cross motion for order of default is **DENIED.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Maryland. *See* Rec. Doc. 1 at 2. He is the personal representative of his mother's will and independent court appointed executor and administrator of his mother's estate.

1

*See id.* Plaintiff's mother died while domiciled in the Parish of Orleans, state of Louisiana. *See* Rec. Doc. 11-1 at 2. Defendants are residents of Louisiana. *See id.* at 1.

Plaintiff brings this breach of contract action asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 2. The contract concerns plaintiff's mother's real property located at 3430 Franklin Avenue, New Orleans, Louisiana ("the Property"). *See* Rec. Doc. 1-1 at 2. Plaintiff's mother's will states that the Property is to be sold and the proceeds are to be distributed equally amongst five individuals, including plaintiff. *See* Rec. Doc. 20 at 1. The succession of plaintiff's mother is filed in the Civil District Court of the Parish Orleans, State of Louisiana. *See* Rec. Doc. 11-1 at 2.

On January 9, 2019, defendants filed a motion to dismiss for lack of subject matter jurisdiction. *See* Rec. Doc. 11. On January 11, 2019, plaintiff filed a response and cross motion for order of default. *See* Rec. Doc. 13. On January 17, 2019, defendants filed a response to plaintiff's cross motion for order of default. *See* Rec. Doc. 15. On January 23, 2019, defendants filed a reply to plaintiff's response to defendants' motion to dismiss. *See* Rec. Doc. 20. On March 1, 2019, plaintiff filed a sur-reply to defendants' motion to dismiss. *See* Rec. Doc. 23.

**LAW AND ANALYSIS**

   **A. Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *See Orlean Shoring, LLC v. Patterson*, 2011 U.S. Dist. LEXIS 36105, at *6 (E.D. La. 2011). "Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims." *Buck Kreihs Co. v. Ace Fire Underwriters Ins. Co.*, 2004 U.S. Dist. LEXIS 12442, at *6 (E.D. La. 2004). Therefore, federal courts must dismiss lawsuits whenever it appears that subject matter jurisdiction is lacking. *See Buck Kreihs Co.*, 2004 U.S. Dist. LEXIS 12442, at *7.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. "A 12(b)(1) motion may be appropriate . . . where a defendant alleges that there is no diversity of citizenship between the parties, jurisdictional amount, and/or the plaintiff's claim does not involve a federal question." *Id*. at *6. "A federal court cannot adjudicate a case without proper subject matter jurisdiction." *Pilgrim Bank v. Imperial Fire & Cas. Ins. Co.*, 2006 U.S. Dist. LEXIS 29299, at *5 (W.D. La. 2006).

When deciding whether subject matter jurisdiction is lacking, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Buck Kreihs Co.*, 2004 U.S. Dist. LEXIS 12442, at *6. All uncontroverted allegations of the complaint must be accepted as true. *See id*. "The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists." *Lipscomb v. Zurich Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 72955, at *3 (E.D. La. 2012).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between the plaintiff and defendants. *See Plaquemines Parish v. BEPCO, L.P.*, 2015 U.S. Dist. LEXIS 87880, at *29 (E.D. La. 2015). Complete diversity means that a plaintiff may not be a citizen of the same state as the defendants. *See Pilgrim Bank*, 2006 U.S. Dist. LEXIS 29299, at *5. There is no dispute here as to the amount in controversy. The dispute here is whether there is complete diversity between plaintiff and defendants. Specifcally, the dispute is whether plaintiff is a Louisiana or Maryland citizen for diversity purposes. It is undisputed that defendants are Louisiana citizens for diversity purposes.

Complete diversity between plaintiff and defendants is absent here. Based on submitted matters of record, plaintiff entered into a contract with defendants to sell the Property to distribute the proceeds of the Property amongst the five individuals listed in his mother's will. *See* Rec. Doc. 20 at 1 (quoting plaintiff's mother's last will and testament). Plaintiff

4

engaged in such action to carry out his fiduciary responsibility as the court appointed executor and administrator of his mother's estate. *See* La. Code Civ. Proc. art. 3191; *see also* Rec. Doc. 1 at 2 (stating that plaintiff has a fiduciary responsibility for the Property). Plaintiff offers no evidence that he, in his individual capacity, is a current owner of the Property. He is an heir with a future interest in the proceeds of the Property and, moreover, the succession representative of the estate possessing the Property.

Accordingly, the agreement between the plaintiff and defendants is not, as plaintiff argues, between two individuals. The agreement is between a succession representative and two buyers. *See Pilgrim Bank*, 2006 U.S. Dist. LEXIS 29299, at *11 (remanding action for lack of diversity jurisdiction because plaintiff who brought a breach of contract action, rather than a survival or wrongful death action, in his representative capacity, was a Louisiana citizen pursuant to 28 U.S.C. § 1332(c)(2)). As such, plaintiff's authority for purposes of this breach of contract lawsuit is his capacity as the succession representative of his mother's estate. He seeks to enforce a right of his mother, the decedent, arising in connection with her succession. *See* La. Code Civ. Proc. art. 685. Plaintiff's mother died while domiciled in the Parish of Orleans, state of Louisiana, deeming her to be a Louisiana citizen for diversity purposes. *See Williams v.*

*Bolotovsky*, 2017 U.S. Dist. LEXIS 171170, at *12 (E.D. La. 2017) (stating that for the purposes of diversity jurisdiction, the citizenship of a natural person is determined by the individual's domicile); *see also Succession of Garrett*, 2007 U.S. Dist. LEXIS 81003, at *22 (E.D. La. 2007)(agreeing that 28 U.S.C. § 1332(c)(2) mandates that if a suit is being brought on behalf of an estate, the court must look at the citizenship of the decedent). Therefore, plaintiff is deemed a Louisiana citizen, not a Maryland citizen, for diversity purposes. *See* 28 U.S.C. § 1332(c)(2) (stating that the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent). Thus, complete diversity does not exist between plaintiff and defendants as defendants are also Louisiana citizens for diversity purposes. *See Pilgrim Bank*, 2006 U.S. Dist. LEXIS 29299, at *5 citing to *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990).

Having found that diversity jurisdiction does not exist and plaintiff does not allege any claims under federal law, plaintiff's lawsuit is dismissed for lack of subject matter jurisdiction. Furthermore, if the Court was to exercise jurisdiction over this action, it would incorrectly assume control over the primary assets of the decedent's succession which is filed in the Civil District Court for the Parish of Orleans. *See generally*, *Succession of Garrett*, 2007 U.S. Dist. LEXIS 81003, at *22 (abstaining from

exercising jurisdiction over an action because, amongst other things, the court would assume control of property in the custody of the Louisiana probate court).

**B. Default**

Plaintiff also seeks entry of an order of default against the defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[1] *See* Rec. Doc. 13 at 2. Specifcally, plaintiff argues that defendants untimely filed their motion to dismiss. *See id*. However, defendants were granted an extension of time to file their responsive pleading(s) no later than January 17, 2019. *See* Rec. Doc. 10. Defendants filed their motion to dismiss almost one week before that deadline, on January 9, 2019. *See* Rec. Doc. 11. Therefore, defendants timely filed their motion to dismiss. Plaintiff is not entitled to an order of default.

New Orleans, Louisiana this 3rd day of July 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).